

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~COMMISSION~~
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:

Opinion No. O-1977
Re: The proper method of handling special trust fund under H.B. 9, 46th Legislature, Regular Session.

You have requested the opinion of this department upon the proper method of handling by your office of the deposits required to be made under the provisions of H.B. 9, 46th Legislature, by vacancy applicants.

We quote from your letter as follows:

"The practice has, heretofore, been to require deposits on all vacancy applications filed by 'applicants' in compliance with the above provisions and the other portions of House Bill No. 9 and the sums thus received have been placed in a special account in the Capital National Bank, Austin, Texas, designated as 'Bascom Giles, Trustee.' From this account the disbursements are made, as required under provisions of House Bill No. 9 and, as a record of same, there is maintained a voucher record and journal showing the distribution of the account for each separate application.

"In thus construing House Bill No. 9 and in handling this trust fund in the manner set out above, this office was in some measure guided by an opinion rendered the Land Commissioner by the Attorney General's Department under date of April 9, 1930, signed by the Honorable W. W. Caves, Assistant Attorney General. This opinion related to the $1.00 required by Article 5413, Revised Civil Statutes of 1925, to be deposited by each applicant for patent and to be paid through this office to county clerks as patent recording fee.

"This office would appreciate the benefit of

your opinion on the proper mode of handling
this special trust fund under the terms of said
House Bill No. 9 and whether or not the proced-
ure now employed is correct or whether such de-
posits, when received, should be transmitted
to the State Treasurer under terms and provi-
sions of Senate Bill No. 48 enacted by the 41st
Legislature as amending Article 4343 of the
Revised Civil Statutes of 1925."

The particular deposit about which you inquire in
your opinion request is provided for in subsection (c) of sec-
tion 1 of H. B. 9 in the following language:

"The Commissioner shall notify the applicant
by letter of the estimate of the cost of pro-
ceedings under the application, and, within thirty
(30) days after the date of such letter, the appli-
cant shall make a deposit with the Commissioner to
cover costs of all work which may be necessary in
order to comply with the request contained in such
application. Upon failure to make the deposit as
required, all rights under the application shall
be lost. In the event such deposit shall prove to
be insufficient, the applicant shall be requested
by letter to make a further deposit of a sum to be
fixed by the Commissioner and, if such additional
deposit be not made within thirty (30) days after
the date of such letter, the work shall be dis-
continued and the application cancelled, and such
cancellation shall be so endorsed on the applica-
tion. Upon cancellation, the right to purchase or
lease under such application shall be lost. The
deposits provided for in this Section shall be a
special trust fund to be used only for the purpose
authorized by this Act. Provided that the appli-
cant shall have the right of appeal from the esti-
mate of cost so made by the Commissioner, to the
District Court of Travis County by giving notice
to the Commissioner in writing thereof within
fifteen (15) days after the receipt of said esti-
mate from said Commissioner as herein provided.
And provided that said applicant shall have fifteen
(15) days after the decision of said District
Court as to amount in which to make payment thereof."

Evidently, the reference contained in your letter to
S.B. No. 48 of the 41st Legislature, as amending Article 4343
of the Revised Civil Statutes of 1925, is erroneous. S.B. No.
48 of the 41st Legislature is an amendment to Article 377, and

has reference to what shall be contained in the charters of banking corporations.  It seems apparent that you intended to refer to H. B. 493, ch. 242, Acts of 1931, which is an amendment to Article 4388 and other Articles.  Article 4388, as amended by ch. 242, Acts of 1931, provides as follows:

"The State Treasurer shall receive daily from the head of each department, each of whom is specifically charged with the duty of making same daily, a detailed list of all persons remitting money the status of which is undetermined or which is awaiting the time when it can finally be taken into the Treasury, together with the actual remittances which the Treasurer shall cash and place in his vaults or in legally authorized depository banks, if the necessity arises. The report from the General Land Office shall include all money for interest, principal and the leases of school, university, asylum and other lands. A deposit receipt shall be issued by the Comptroller for the daily total of such remittances from each department; and the cashier of the Treasurer's Department shall keep a cash book, to be called 'suspense cash book,' in which to enter these deposit receipts, and any others issued for cash received for which no deposit warrants can be issued, or when their issuance is delayed.  As soon as the status of money so placed with the Treasurer on a deposit receipt is determined, it shall be transferred from the suspense account by placing the portion of it belonging to the State in the Treasury by the issuance of a deposit warrant, and the part found not to belong to the State shall be refunded. When deposit warrants are issued, they shall be entered in this cash book, as well as any refunds, and the balance shall represent the aggregate of the items still in suspense.  Refunds shall be made in a manner similar to that in present use, except that separate series of warrants shall be used for making such refunds, to be called 're- fund warrants,' and such warrants shall be written and signed by the Comptroller and countersigned by the Treasurer and charged against the suspense funds to which they apply.  Such warrants shall then be returned to the Comptroller and deliver- ed by him to the persons entitled to receive them."

It is our opinion that the special trust fund provided for in H. B. 9, which consists of deposits made by an applicant

to cover the costs of the work which may be necessary in order to comply with a vacancy applicant's request for a survey and hearing, is not subject to the provisions of Article 4388, as amended in 1931. Nor do we believe that such trust fund is required to be paid over to or handled by the State Treasurer in any manner. The equitable title to such fund remains in the vacancy applicant, and such money is only authorized to be used by the Commissioner as trustee for the particular purposes authorized by H. B. 9. It is further provided in H. B. 9 that the Commissioner shall render a complete statement to the applicant and shall pay over the unused balance of the money to the applicant as soon as the total expense properly chargeable against the deposit has been determined.

These provisions seem clearly to provide that the fund in question is to be administered by the Commissioner as trustee for the purposes specified by H. B. 9, and that the Commissioner and not the State Treasurer is charged with retaining custody of said money and of returning any unused balance to the applicant when the costs chargeable to the fund have been paid.

Accordingly, it is our opinion that the method you have been employing in the handling of these funds is proper and lawful, and that you are not required or authorized to pay over such sums to the State Treasurer, under the terms of any statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Robt. E. Kepke
Robt. E. Kepke
Assistant

REK:RS:wc

APPROVED MAR 28, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman